Sanger agt. Vail.

## SUPREME COURT.

GEORGE SANGER agt. WM. VAIL, impleaded with another.

On a trial at the circuit, if a party objects to the admission of evidence offered by his adversary, and the evidence is received by the court, and the objection noted; on making a case or bill of exceptions to move for a new trial, he will be entitled to the benefit of an exception to the ruling of the court, although no exception is noted upon the minutes of the judge.

*Orange Special Term, Oct.,* 1856.

SIDNEY L. GRIFFIN, *for plaintiff.*
M. L. COBB, *for defendant.*

BROWN, Justice. At the trial of this action, before the late Mr. Justice ROCKWELL, the defendant objected to the admissibility of certain testimony of Daniel W. Townsend, a witness examined by the plaintiff in regard to the handwriting of the defendant to the note which was the subject of the action. The court heard and considered, and finally overruled the objection, and received the evidence. The defendant, in his proposed case, asserts that he excepted to this ruling of the judge, and he supports his assertion by the positive affirmative testimony of five witnesses, two of whom were the counsel employed in the trial of the action. The plaintiff admits that objection was made to the reception of the evidence, that it was considered and overruled; but denies that any exception was taken to the ruling of the judge, and he supports his view of the occurrence by the testimony of five witnesses, two of whom are the counsel who tried the cause for the plaintiff. Thus we have a conflict of evidence upon a single point.

This is not like an exception taken to a single proposition, or a series of propositions, in the charge of a judge to a jury. Nor is it like an exception taken to evidence offered and re-

jected. In both these instances the exception is requisite to signify the dissent of the party taking the exception; and in the case of a charge to a jury, it is also requisite to point the judge's attention to the particular proposition excepted to, in order that he have an opportunity to reconsider and, perhaps, correct what he has said.

The case of a party who objects to the admission of evidence offered by his adversary, and has his objection overruled, stands upon different ground. His objection signifies his dissent to the admission of the evidence in the strongest possible terms; and it also brings the court to notice and adjudicate upon the identical point presented by the objection. The entry of an exception after this upon the judge's minutes may be the more formal and critical mode of proceeding, but it answers no useful purpose, and contributes nothing towards the attainment of justice, and its omission prejudices no one. For these reasons, my uniform practice at the circuit is to note an exception to the charge, and also to evidence offered and rejected; but I remember no instance, where I have entered an exception, where an objection to the admission of evidence has been overruled. I uniformly regard the objection as covering the whole ground, and entitling the party making it to the full benefit of it, in order to review the question decided upon appeal, or on motion for a new trial.

I attach no sort of consequence to the fact that this entry is not noted in the minutes of Mr. Justice ROCKWELL. Had I been trying the cause, I should not have made any note of it upon my minutes, but should nevertheless have given the objecting party the full benefit of it.

The evidence produced on the part of the defendant to show the exception was taken, is positive and affirmative, and according to the well known rule is of more weight than that of the plaintiff; which is merely negative. Both kinds are consistent with each other, for it may very well be that the exception was taken in the hurry and excitement of the trial, and may not have been noticed, or if noticed may have been forgotten by some of those who were present. I am satisfied from a consideration

of the circumstances, that the defendant's counsel meant in good faith to resist the introduction of the evidence to which they objected, and if they inadvertently omitted upon the trial to do all that might, upon strict practice, entitle them to the full benefit of their objection, I should still think the case should be so made up as to enable them to review the question of the admissibility of the evidence of the witness Townsend, upon appeal or the motion for a new trial.

The preponderance of the evidence, however, is in favor of the case made by the defendant, in regard to the particular exception.

The plaintiff's second amendment to the proposed case is disallowed.

---

## SUPREME COURT.